IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JEREZ, individually and on behalf of all others similarly situated, )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>REVATURE, LLC, )<br>)<br>*Defendant*. )<br>) | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Civil Action No. 1:21-cv-4669 |

## INTRODUCTION

1. Revature, LLC ("Revature") denies employment opportunities on the basis of alienage to entire categories of noncitizens authorized to work in the United States. Specifically, Revature denies employment to all individuals who have work authorization, but are not United States citizens or lawful permanent residents, including those who have acquired work authorization through the DACA (Deferred Action for Childhood Arrivals) policy. Plaintiff Maria Jerez, individually and as the class representative on behalf of all others similarly situated, brings this suit against Revature to challenge this uniform discriminatory policy and practice, which constitutes intentional discrimination on the basis of alienage and is unlawful under the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a), as well as under 42 U.S.C. §§ 1983 and 1988.

1

3. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

*Plaintiff*

4. Plaintiff Maria Jerez is a 29-year-old college graduate who lives in Queens, New York. In 2017, Plaintiff Jerez received an associate degree in engineering science from Borough of Manhattan Community College. In 2019, Plaintiff Jerez received a bachelor degree from City College of New York, a part of the City University of New York system ("CUNY").

5. Plaintiff Jerez is not a citizen of the United States. She arrived in the United States around the age of 7. In 2012, the U.S. Department of Homeland Security granted Plaintiff Jerez deferred action and authorization to work in the United States through the Deferred Action for Childhood Arrivals ("DACA") initiative.

6. Plaintiff Jerez had work authorization when she applied to and was ultimately denied an entry level position at Revature. She continues to have work authorization and deferred action. Plaintiff Jerez does not require a sponsor to be authorized to work in the United States.

*Defendant*

7. Defendant Revature is an American national technology company headquartered in Reston, Virginia.

8. Defendant Revature recruits from colleges and universities, including CUNY, from which Plaintiff Jerez graduated.

9. Defendant Revature, by soliciting, conducting, and transacting business in New York, engages in continuous, permanent and substantial activity within the state.

## FACTUAL ALLEGATIONS

10. Defendant Revature intentionally discriminates against noncitizen applicants for employment in the United States on the basis of alienage.

11. On February 18, 2021, Defendant Revature, through an agent, emailed Plaintiff Jerez about an immediate job opportunity that could begin as early as March 1, 2021, because Defendant Revature thought Plaintiff Jerez was a great fit for the position. The email included a link to a personal invitation to apply.

12. On or around February 18, 2021, Plaintiff Jerez completed a job application available through Defendant Revature's website. Defendant Revature's website lists, among other things, the following employment requirements: "College degree (Associates or Bachelors); Must be authorized to work in the US; Desire to learn to code – No prior professional experience required." The application seeks background information about the applicant (i.e., name, location, contact information, education) including veteran status, willingness to relocate, programming experience, and whether the applicant is legally authorized to work in the United States. Plaintiff Jerez completed the application and answered "yes" that she was legally authorized to work in the United States.

13. Then, on February 19, 2021, a screener acting on behalf of Defendant Revature contacted Plaintiff Jerez and reviewed Plaintiff Jerez's application and résumé. During the screening call, Plaintiff Jerez confirmed she is legally authorized to work in the U.S. because she is a DACA recipient. The screener responded that Plaintiff Jerez did not qualify for employment at Defendant Revature because she needed to be a United State citizen or lawful permanent resident. Plaintiff Jerez informed the screener that DACA provides lawful employment authorization, but the screener nonetheless ended the call.

14. Plaintiff Jerez emailed a representative at Defendant Revature for clarification about whether Defendant Revature hires DACA recipients. Shortly thereafter, Plaintiff Jerez called Defendant Revature's human resources department for clarification. The Defendant Revature representative saw that a screener had spoken with Plaintiff Jerez and that the interviewer ended the call because Plaintiff Jerez is not a U.S. citizen or green card holder. A Defendant Revature representative responded in writing to Plaintiff Jerez's email that, "Revature is not currently sponsoring work visas or transfers at this time. Green Card or US Citizenship is required."

## CLASS ACTION ALLEGATIONS

15. Plaintiff Jerez brings this action on her own behalf and all other persons similarly situated under Federal Rule of Civil Procedure 23.

16. Plaintiff Jerez brings class allegations on behalf of herself and a class (the "Class") defined as follows: All noncitizens, with the exception of lawful permanent residents, who are within the jurisdiction of the United States and authorized to work in the United States, who were denied employment with Defendant Revature, or who were deterred from applying, under the company's policies and/or practices on the basis of alienage between February 19, 2018, and the date of judgment in this action.

17. Plaintiff Jerez reserves the right to amend the Class and any potential subclass definitions if further investigation and discovery indicate that the Class and potential subclass definitions should be narrowed, expanded, or otherwise modified.

18. Plaintiff Jerez is a member of the Class.

19. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

20. One of the largest companies in the world, Defendant Revature has facilities throughout the country and employs tens of thousands of people.

21. As of June 30, 2020, there were around 645,000 active DACA recipients in the United States.[1] There are thousands of individuals who, despite having work authorization, do not meet Defendant Revature's alienage-based requirements for employment. Plaintiff Jerez does not know the precise number of class members because this information is within the possession of Defendant Revature or other third parties. On information and belief, the class exceeds 50 persons.

22. Questions of law and fact are common to the Class and these questions predominate over any individual questions of law and fact. Questions of law and fact in common among the Class include, among others: (1) whether it is Defendant Revature's policy or practice to reject job applicants who are authorized to work in the United States because they are not United States citizens or lawful permanent residents because the applicant does not possess an immigration status acceptable to Defendant Revature; (2) whether Defendant Revature's policy as described above discriminatorily deprives Plaintiff Jerez and members of the Class the right to contract for work in violation of 42 U.S.C. § 1981; (3) whether Plaintiff Jerez and the Class suffered harm by reason of Defendant Revature's unlawful policy; (4) whether Plaintiff Jerez and the Class are entitled to back-pay relief; (5) whether Plaintiff Jerez and the class are entitled to compensatory damages; (6) whether equitable and injunctive relief for the Class is warranted; and (7) the scope of a resulting permanent injunction.

---

[1] U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, Approximate DACA Recipients as of June 30, 2020, *available at* https://www.uscis.gov/sites/default/files/document/reports/DACA_Population_Receipts_since_Injunction_Jun_30_2020.pdf (last visited April 21, 2021).

23. Plaintiff Jerez's claims are also typical of the claims of the Class because: (1) Plaintiff Jerez was within the jurisdiction of the United States and not a United States citizen or lawful permanent resident; (2) Plaintiff Jerez was qualified for and authorized to work in the United States; (3) Plaintiff Jerez was qualified and applied for a position at Defendant Revature; and (4) Defendant Revature denied Plaintiff Jerez employment because of alienage. These claims are substantially shared by each and every Class member. All of the claims arise from the same course of conduct and the relief sought is common.

24. Plaintiff Jerez will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff Jerez has no conflict with any Class member. Plaintiff Jerez is committed to the goal of altering Defendant Revature's hiring policies and practices to end discrimination against Plaintiff Jerez and those who are similarly situated by virtue of their non-citizenship despite legal capacity to work in the United States.

25. Plaintiff Jerez has retained counsel competent and experienced in complex employment discrimination class actions.

26. The precise number of individuals affected by Defendant Revature's unlawful policy and practice is ascertainable through Defendant Revature's records and other third-party records, and therefore the proposed class is ascertainable.

27. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant Revature acted and/or refused to act on grounds that are uniformly applicable to the Class, which makes declaratory and injunctive relief appropriate with respect to Plaintiff Jerez and the Class as a whole. Defendant Revature refuses to hire individuals like Plaintiff Jerez and others similarly situated because they are not citizens or lawful permanent residents despite their possession of valid work authorization. Plaintiff Jerez and Class members are entitled to

injunctive relief to end Defendant Revature's common, uniform, unfair, and discriminatory policy and/or practice.

28. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members of the Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this litigation because joinder of all members is impracticable. Class members have been damaged and are entitled to recovery as a result of Defendant Revature's common, uniform, and discriminatory policy and/or practice. Damages are capable of measurement on a class-wide basis and will be calculated in part on the wages lost due to Defendant Revature's unlawful policy and/or practice. Plaintiff Jerez and the Class will rely on common evidence to resolve their legal and factual questions. There are no pending actions raising similar claims. The proposed representative for the class is a New York resident. Defendant Revature engages in continuous, permanent, and substantial activity in New York. There will be no undue difficulty in the management of this litigation as a class action.

30. This class action may be maintained under Fed. R. Civ. P. 23(b) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant Revature. Defendant Revature also have acted or failed to act on grounds that generally apply to all class members, necessitating the declaratory and injunctive relief Plaintiff Jerez seeks. In addition, questions of law and fact common to class members predominate over questions affecting only individual class members. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy

because, among other things, a class action would concentrate a multiplicity of individual actions, which share common facts and legal disputes, in a single forum.

## FIRST CLAIM

### Alienage Discrimination (42 U.S.C. § 1981)

31. Plaintiff Jerez re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

32. Plaintiff Jerez brings this claim on her own behalf and on behalf of the Class.

33. Plaintiff Jerez is a person within the jurisdiction of the United States.

34. Plaintiff Jerez is not a citizen of the United States.

35. Plaintiff Jerez is authorized to work in the United States.

36. Defendant Revature intentionally discriminated and continues to discriminate against Plaintiff Jerez and the Class on the basis of alienage by denying them opportunities to contract to work or by deterring them from opportunities to contract because they are noncitizens, despite their legal authorization to work in the United States.

37. Defendant Revature's intentional discrimination against Plaintiff Jerez and the Class interferes with their right to make and enforce an employment contract.

38. Defendant Revature's facially discriminatory policies and/or practices of denying work opportunities to Plaintiff Jerez and the Class based on their alienage, despite their legal authorization to work in the United States, harms Plaintiff Jerez and the Class, and constitutes unlawful alienage discrimination in violation of 42 U.S.C. § 1981.

39. Defendant Revature's conduct caused Plaintiff Jerez and the Class substantial losses in earnings and other work benefits.

40. Plaintiff Jerez and the Class have no plain, adequate, or complete remedy at law to redress the wrongs alleged in this Complaint, and injunctive relief sought in this action is the only means to secure complete and adequate relief. Plaintiff Jerez and the Class now suffer, and will continue to suffer, irreparable injury from Defendant Revature's discriminatory acts and omissions.

## DEMAND FOR JURY TRIAL

41. Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jerez and the Class pray for relief as follows:

i. Certification of the case as a class action on behalf of the proposed Class;

ii. Designation of Plaintiff Maria Jerez as a Representative on behalf of the Class;

iii. A declaratory judgement that the practices complained of here are unlawful and violate 42 U.S.C. § 1981;

iv. A preliminary and permanent injunction against Defendant Revature and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, to restrain them from engaging in each of the unlawful policies, practices, customs, and usages set forth here;

v. Lost earnings (including interest and benefits) for Plaintiff and Class members;

vi. All damages sustained as a result of Defendant Revature's conduct, including damages for emotional distress, according to proof;

vii. Costs incurred in this case, including reasonable attorney's fees to the extent allowable by law;

viii. Pre-judgement and post-judgement interest, as provided by law; and

      ix.      Such other and further legal and equitable relief as this Court deems, necessary, just, and proper.

Dated:  August 19, 2021            Respectfully submitted,

                                            MEXICAN AMERICAN LEGAL DEFENSE
                                            AND EDUCATIONAL FUND

                                            /s/ Leticia Saucedo
                                            Thomas A. Saenz** (Cal. Bar. No. 159430)
                                            Leticia Saucedo (N.Y. Registration No. 2953255)
                                            Andrés R. Holguin-Flores** (Cal. Bar No. 305860)
                                            634 S. Spring St., 11th Fl.
                                            Los Angeles, CA 90014
                                            Telephone: (213) 629-2512
                                            E-mail: tsaenz@maldef.org
                                            tsaenz@maldef.org
                                            lsaucedo@maldef.org
                                            aholguin-flores@maldef.org
                                            *\* Pro hac vice application forthcoming*